# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| MARCUS SIMPSON, <br>     Plaintiff, <br><br> vs <br><br> HAMILTON COUNTY <br> BOARD OF COMMISSIONERS, et al., <br>     Defendants. | Case No. 1:12-cv-881 <br><br> Weber, J. <br> Wehrman, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff brings this action against the Hamilton County Board of Commissioners; Hamilton County Prosecutors Arthur M. Ney, Jr. and Joseph T. Deters; and Hamilton County Judges Robert H. Gorman and Ethna M. Cooper. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff's complaint alleges constitutional violations stemming from his state court criminal proceedings. In his statement of facts, plaintiff indicates that on May 19, 1983 the Hamilton County grand jury returned an indictment charging plaintiff with aggravated robbery. (Doc. 1, Complaint p. 4). Plaintiff claims that the alleged victim of the aggravated robbery testified that plaintiff did not attempt to take money from him. *Id.* According to plaintiff, the

2

trial court overruled his motion for a judgment of acquittal despite the alleged victim's testimony. *Id.* Plaintiff was ultimately found guilty and sentenced to a prison term of five to twenty-five years according to the complaint. *Id.* at 4. He claims the collateral consequences of the conviction include dishonorable discharge from the Army Reserves, destruction of his marriage and family, lost retirement and financial debt. *Id.* at 4-5.

Based on these facts, plaintiff's complaint includes three claims. First, plaintiff alleges that defendant Hamilton County Board of Commissioners failed to "adequately train Defendants Prosecutor and Judge in, and to ensure their adherence to, the proper practices, policies, and procedures pertaining to their prosecution of Plaintiff." *Id.* at 5. In his second claim, plaintiff contends that the prosecutor "knew or should have known at the time of, and prior to, Plaintiff's April 23rd 1984 bench trial that the Plaintiff should not have been indicted for aggravated robbery." *Id.* at 6. Plaintiff further contends that he should not have been tried, found guilty, or sentenced for the offense and the prosecution did nothing to stop the proceedings. *Id.* at 7. Finally, in claim three, plaintiff alleges that "Defendant Judge knew or should have known at the time of Plaintiff's April 23rd 1984 trial that Plaintiff should not have been charged with aggravated robbery." *Id.* at 7-8.

For relief, plaintiff requests a bench trial on the merits, a finding for plaintiff, and for the Hamilton County to pay him 6.5 million dollars. *Id.* at 9.

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. As an initial matter, it appears clear from the face of the complaint that it is time-barred. A civil rights action under 42 U.S.C. § 1983 is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Ewing v. O'Brien,* 115 F. App'x 780, 783 (6th Cir. 2004) ("Section 1983

3

claims brought in federal court in Ohio are subject to the two-year statute of limitations period set forth in Ohio Rev. Code § 2305.11."); *Huffer v. Bogen,* No. 1:10-cv-312, 2011 WL 5037209, at *12 (S.D. Ohio Oct. 24, 2011) (and authorities cited therein) ("With respect to alleged violation[s] of 42 U.S.C. § 1983, such claims are governed by Ohio's personal injury statute of limitations, which is two years."). Here, plaintiff's allegations all concern conduct that occurred in 1984, during plaintiff's state court criminal proceedings. Therefore, the complaint under § 1983, filed approximately twenty-eight years later, is time-barred.

Second, plaintiff's claims against the defendant prosecutors must also be dismissed because plaintiff seeks relief from a defendant who is immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

As to his claims against the defendant judges, plaintiff's complaint must be dismissed

4

because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts indicating that the defendant judges presided over a matter over which defendants were without subject matter jurisdiction or that they performed non-judicial acts.

Finally, to the extent that plaintiff seeks money damages based on an unconstitutional conviction, plaintiff's allegations fail to state a claim for relief because a ruling in plaintiff's favor would necessarily cast doubt on the validity of his aggravated robbery conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck,* 512 U.S. at 486–87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87.

It appears clear from the face of the complaint that plaintiff's conviction and sentence still stand and have not been overturned or invalidated in accordance with *Heck*. Because a successful challenge against the defendants for their roles in effectuating plaintiff's prosecution and criminal conviction in Ohio would necessarily imply the invalidity of the underlying conviction and sentence, plaintiff's claims for damages are barred by *Heck*.

Accordingly, in sum, plaintiff's complaint should be dismissed on the ground that it fails to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint (Doc. 1) be dismissed with prejudice for failure to state a claim upon which relief may be granted.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

This, the 28th day of November.    s/ J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MARCUS SIMPSON,                          Case No. 1:12-cv-881
     Plaintiff,

                                        Weber, J.
vs                                       Wehrman, M.J.

HAMILTON COUNTY
BOARD OF COMMISSIONERS, et al.,
     Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).